UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00043-MOC-DCK

| | | |
|---|---|---|
| **CELGARD, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **LG CHEM AMERICA, INC.** | ) | |
| **LG CHEM, LTD.,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on defendants' Motion to Stay Preliminary Injunction Pending Appeal (#135) and plaintiff's Motion for Leave to File Sur-Reply (#158). In responding to such motion, plaintiff, while continuing to assert irreparable harm, did not argue what amount of bond greater than $1,000,000.00 would be required to secure its potential interim harm, an issue which the court specifically raised during last week's telephone conference. If, after entry of the stay, plaintiff does not believe that such amount secures its interest, it may seek leave of this court (upon notice to the Federal Circuit in the manner provided under Rule 62.1, Fed.R.Civ.P. and leave of that court being granted) to increase the bond, as this court would be inclined to enlarge the bond if plaintiff can show defendants' bond is insufficient. At this point, however, the court cannot find that a bond in excess of that amount is required to meet Rule 65(c).

The standard for a discretionary stay pending appeal under Rule 62(c) is similar to the test for a preliminary injunction under Rule 65: first, appellant must show that: (1) it is likely to succeed on the merits; (2) irreparable harm will occur absent a stay; (3) appellee will not be substantially harmed by a stay; and (4) the public interest will not be harmed by a stay. Alaska

1

Cent. Express, Inc. v. United States, 51 Fed. Cl. 227, 229 (2001). Having considered those factors, the court finds that equity tips in the defendants' favor, Res-Care, Inc. v. United States, 2013 WL 2099164, *1 (Fed.Cl. May 15, 2013), for the reasons provided in defendants' supporting brief and reply. Specifically, the quarterly report for Q1 FY2014 of plaintiff's parent, which sets forth substantial growth in the area which is the subject-matter of this action, has tipped the balance of the equities post-injunction in favor of allowing a stay in an abundance of caution.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendants' Motion to Stay Preliminary Injunction Pending Appeal (#135) is **GRANTED**, plaintiff's Motion for Leave to File Sur-Reply (#158), is **DENIED**, and the Preliminary Injunction entered in this matter is **STAYED** pending appeal and upon depositing a bond in the amount of $1,000,000.00 with the Clerk of this Court.

Signed: July 22, 2014

Max O. Cogburn Jr.
United States District Judge