| | | |
|---|---|---|
| **CELGARD, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **LG CHEM, LTD., and LG CHEM AMERICA, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Leave To Take Third-Party Jurisdictional Discovery" (Document No. 178) filed on August 1, 2014.  This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate.

The Honorable Max O. Cogburn, Jr. issued an "Order" (Document No. 128) on July 18, 2014:  (1) granting Plaintiff's motion for jurisdictional discovery (Document No. 58) as directed by the undersigned Magistrate Judge;  and (2) referring Defendants' pending motions to dismiss and transfer (Document Nos. 30 and 71) to the undersigned Magistrate Judge.  Judge Cogburn specifically stated that the matter would be referred "back to the Magistrate Judge for limited discovery and disposition of those motions."  (Document No. 128, p.6).  Pursuant to Judge Cogburn's "Order" (Document No. 128), the undersigned issued an "Order" (Document No. 139) setting a schedule for limited discovery and supplemental briefing.

The undersigned then explicitly directed that:

> Plaintiff and Defendants may each submit fifteen (15) interrogatories and fifteen (15) requests for document production **to the opposition** ("discovery requests"), limited to the issue of

jurisdiction. Discovery requests shall be served on or before **August 1, 2014**; and responses shall be provided on or before **August 29, 2014**.

(Document No. 139, pp.1-2) (emphasis added).

By the instant motion, Plaintiff now seeks clarification as to whether third-party jurisdictional discovery is permitted under the Court's previous Orders (Document Nos. 128, 139). (Document No. 178, p.3). Plaintiff suggests that it should be allowed "to serve limited subpoenas to Defendants' known customers seeking testimony and documents regarding the incorporation of Defendants' infringing battery separators into products that have been placed in the stream of commerce in North Carolina." Id.

Plaintiff correctly notes that "Magistrate Judge Keesler's July 21, 2014 Order does not expressly permit third-party discovery." (Document No. 178, p.2). Rather, the undersigned permitted limited discovery between the parties, regarding jurisdiction, to be completed in a relatively short period of time so that the Court can then resolve the pending motions seeking dismissal and/or transfer. (Document No. 139).

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion For Leave To Take Third-Party Jurisdictional Discovery" (Document No. 178) is **DENIED**.

Signed: August 5, 2014

David C. Keesler
United States Magistrate Judge

2