UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00043-MOC-DCK

| | |
|---|---|
| **CELGARD, LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) ORDER |
| | ) |
| **LG CHEM AMERICA, INC.** | ) |
| **LG CHEM, LTD.,** | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the court on plaintiff's Motion for Reconsideration of the Order Granting LG Chem's Motion to Stay Preliminary Injunction Pending Appeal. For cause, plaintiff points to statements, supposedly made by insiders of LG Chem to stock analysts, that contradict statements made to this court in support of its Motion to Stay, to wit, that enforcing the injunction during the stay would cause "devastating and irreparable harm to Defendants." Plaintiff has come forward with some evidence -- in the form of stock-analyst opinions – which some unnamed employee at LG Chem has provided them with inside information that the injunction would have no impact on LG Chem's business as it is using its own patented technology to manufacture batteries that eventually flow to GM.

While the court is not versed in SEC limitations on investment-house practices in obtaining insider information, the court recognizes hearsay when it sees it, and the information plaintiff has submitted, while possibly true, is nonetheless hearsay. On the other hand, in support of its Motion to Stay, LG Chem presented sworn declarations from LG Chem officials that enforcement of the stay pending appeal would be devastating to its business. While stock

1

speculators may act on hearsay, courts are not afforded such leeway and this court, for the reasons that follow, declines plaintiff's invitation to do so.

Motions for reconsideration of interlocutory orders are "appropriately granted only in narrow circumstances." Wiley v. Buncombe County, 846 F. Supp. 2d 480, 487 (W.D.N.C. 2012). A motion to reconsider is inappropriate where it merely seeks "to re debate the merits of a particular motion." In re Vioxx Products Liability Litigation, 230 F.R.D. 473, 475 (E.D. La. 2005). In this case, plaintiff based its motion not only on hearsay, but on un-attributable hearsay inasmuch as the analyst reports do not name the employee of LG Chem who provided such opinions, making the information inherently unreliable. Had such information been contained in an LG Chem quarterly report, or even an attributed interview with an LG Chem executive, then plaintiff may well have had a tenable argument that the declarations were untrue and that the court should reconsider its decision based on a fraud on the court. Here, however, it is not possible to reassess the credibility of LG Chem's affiants as it is not possible to discern the credibility of unknown and possibly non-existent insiders who have supposedly made unsworn, anonymous statements to stock analysts.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for Reconsideration of the Order Granting LG Chem's Motion to Stay Preliminary Injunction Pending Appeal (#165) is **DENIED**.

Signed: August 13, 2014

Max O. Cogburn Jr.
United States District Judge