IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:14-CV-043-MOC-DCK

| | |
|---|---|
| CELGARD, LLC, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) ORDER AND MEMORANDUM<br>) AND RECOMMENDATION<br>) |
| LG CHEM AMERICA, INC., and<br>LG CHEM, LTD., | )<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Leave To File Amended Complaint" (Document No. 180). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and, applicable authority, the undersigned will grant the motion.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the

>court's leave.  The court should freely give leave when justice so
>requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001); see also, Foman v. Davis, 371 U.S. 178, 182 (1962).  However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

## DISCUSSION

To date, there has been no certification of initial attorney's conference, no case management order, and no answer filed in this matter.  The Court has permitted limited discovery between the parties regarding jurisdiction.  (Document Nos. 139, 179).  In fact, under the current schedule, the pending motions to dismiss and transfer (Document Nos. 30 and 71) will not be fully "ripe" for adjudication until jurisdictional discovery is completed August 29, 2014, and supplemental briefs are filed on or about September 11 and 18, 2014. Id.  Moreover, the undersigned is not persuaded that there is sufficient evidence of prejudice, bad faith, or futility to outweigh the policy favoring granting leave to amend.  At worst, the pending motion to amend was filed prematurely, since the jurisdictional discovery Plaintiff had requested is unlikely to have been completed by August 5, 2014, the date the motion was filed.  After careful consideration of the record and the motions, the undersigned finds that Plaintiff's motion to amend should be granted.

Under the circumstances, the Court will respectfully direct Plaintiff to file its amended pleading *after* the completion of jurisdictional discovery.  Because the undersigned will order

2

Plaintiff to file an Amended Complaint which supersedes the original Complaint, the undersigned will respectfully recommend that "The LG Chem Defendants' Motion To Dismiss Plaintiff's Complaint For Lack Of Personal Jurisdiction" (Document No. 30) and "The LG Chem Defendants' Alternative Motion To Transfer Venue To The Eastern District Of Michigan" (Document No. 71) be denied as moot. This recommendation is without prejudice to Defendants filing renewed motions to dismiss and/or transfer, if appropriate.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Turner v. Kight, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case."); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

**The parties shall complete jurisdictional discovery as previously ordered, by August 29, 2014, but are excused from filing supplemental briefs**. (Document No. 139). However, the parties shall incorporate the results of their jurisdictional discovery in the Amended Complaint, as well as in the Answer and/or other response(s) to the Amended Complaint.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion For Leave To File Amended Complaint" (Document No. 180) is **GRANTED**. Plaintiff shall file an Amended Complaint after the close of jurisdictional discovery, but on or before **September 5, 2014**.[1]

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "The LG Chem Defendants' Motion To Dismiss Plaintiff's Complaint For Lack Of Personal Jurisdiction" (Document No. 30) and "The LG Chem Defendants' Alternative Motion To Transfer Venue To The Eastern District Of Michigan" (Document No. 71) be **DENIED AS MOOT**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

---

[1] The Administrative Procedures Governing Filing and Service by Electronic Means, revised January 1, 2012, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."

**SO ORDERED AND RECOMMENDED**.

Signed: August 25, 2014

David C. Keesler
United States Magistrate Judge